Spangler v. Hutchinson Motor Car Co.

---

No. 27,913.

S. S. SPANGLER, *Appellee,* v. THE HUTCHINSON MOTOR CAR COMPANY et al., *Appellants.*

(264 Pac. 1073.)

### SYLLABUS BY THE COURT.

MOTOR VEHICLES — *Automobile Collision — Contributory Negligence.* In an action for damages resulting from an automobile collision the contributory negligence of the plaintiff, under the facts stated in the opinion, was a question for the jury.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed March 10, 1928. Affirmed.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellants.

*F. L. Martin, Carr W. Taylor* and *James N. Farley,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for injuries sustained in an automobile collision. It was tried to the jury, which answered special questions and returned a general verdict for plaintiff. Defendants have appealed. No motion for a new trial was filed. The sole question presented is whether plaintiff was guilty of contributory negligence as a matter of law. This question was raised by demurrer to the evidence, by a motion for a directed verdict, and by a motion for judgment for defendants on the answers to special

---

Appeal and Error, 4 C. J. p. 764 n. 80.    Motor Vehicles, 42 C. J. p. 1261 n. 38.

questions and the evidence in the case, notwithstanding the general verdict.

In passing on this demurrer and these motions the court was required, of course, to consider the evidence as favorably to plaintiff as that could reasonably be done. (*Rickel v. Coöperative Exchange,* 113 Kan. 592, 215 Pac. 1015; *Rowan v. Rosenthal,* 113 Kan. 604, 215 Pac. 1008; *James v. Grigsby,* 114 Kan. 627, 220 Pac. 267.) So considered, the evidence tends to show the following facts: Extending west from the city limits of Hutchinson is a brick-paved highway on which there is much automobile traffic. The pavement is 18 feet wide, with dirt shoulders, which vehicles may use, on each side, making the entire traveled way about 30 feet wide. Within a mile west of the city limits there are a number of suburban homes on each side of the highway with private driveways leading to the pavement. Plaintiff's married daughter, Mrs. Justice, and her husband live in one of these homes on the north side of the pavement nearly a mile west of the city limits. Their residence sets back about 400 feet north of the highway and is connected with it by two driveways, one angling from the southwest to the house, passing by the house near the barn northeast of it, and the other directly north from the barn to the highway. Near this north and south driveway, on the east side and parallel with it, was a row of large cottonwood trees, about 20 feet apart. One driving from the barn at the Justice place along this driveway to the highway had a clear view of the highway to the east for perhaps half a mile, except as the view might be intercepted by the trunks of the trees as he drove along, or by one or two residences recently built east of this driveway and about 75 feet north of the highway.

The plaintiff resided in Hutchinson, but operated a farm about six miles west of Hutchinson, to which he drove frequently along the highway. In driving to or from his farm he sometimes drove in and stopped a few moments at the home of his daughter. On the morning of the collision he had been to his farm and, returning, stopped and drove in at the Justice home. Leaving there he drove out on the driveway south from the barn onto the paved highway at a speed of about 15 miles per hour, crossed to the south side of the paved portion of it and turned east toward town, and had reached a point about 45 feet east of the driveway when his car was struck by defendants' car. He and his car were thrown into the ditch at

the south side of the road and sustained injuries for which this action was brought.

Defendants had the agency, or were salesmen, for the Hudson automobile at Hutchinson. A local salesman for these cars from Englewood was in Hutchinson that morning and defendants were showing him some new nonskid tires for Hudson cars, which they recommended. They got in a car to go out and demonstrate the new tires, the local Englewood agent driving. There had been a little rain, it was misty, and the pavement was slippery. Defendants drove west on this paved highway. When they were about 350 feet east of the driveway from which plaintiff entered upon the pavement they passed, at a speed of from 50 to 55 miles per hour, a car which was traveling at 30 to 35 miles an hour. Seeing plaintiff drive into and across to the south side of the highway, and when about 100 to 150 feet from plaintiff's car, the driver of the Hudson car applied the brakes, with the result that the car skidded, turned around on the highway so it was facing east, but its westward momentum was such that it slid west on the slippery pavement into and against plaintiff's car, causing the collision, the right hind portion of the Hudson striking the left side of plaintiff's car just back of the front wheel. Had defendants kept on their right (the north) side of the pavement, they would have passed plaintiff without a collision. There was ample room for them to so pass.

Under these facts there is no room for holding plaintiff to be guilty of contributory negligence as a matter of law. That ordinarily is a jury question, and was in this case. We have examined the authorities cited and considered the argument made by appellants, but deem it unnecessary to discuss them in detail. The answers to the special questions are not inconsistent with the general verdict.

The judgment of the court below is affirmed.